UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

MARQUIS DISHON YOUNG,

    Petitioner,

v.	Case No:   2:13-cv-507-FtM-29CM
	Case No.  2:08-CR-164-FTM-29UA

UNITED STATES OF AMERICA,

    Respondent.

## OPINION AND ORDER

This matter comes before the Court on petitioner's Motion Under 28 U.S.C. Section 2255 to Vacate, Set Aside or Correct Sentence by a Person in Federal Custody (Cv. Doc. #1; Cr. Doc. #67)[1] and supporting Memorandum of Law (Cv. Doc. #2) and Appendixes (Cv. Doc. #3) filed on July 11, 2013.  Petitioner later filed additional Exhibits in Support. (Cv. Doc. #7.)  The government filed a Response in Opposition to Motion (Cv. Doc. #11) on September 11, 2013.  The petitioner filed a Reply (Cv. Doc. #12) on September 26, 2013.

Petitioner raises three claims in his § 2255 motion:  (1) Trial counsel provided constitutionally ineffective assistance by

---

[1]The Court will make references to the dockets in the instant action and in the related criminal case throughout this opinion. The Court will refer to the docket of the civil habeas case as "Cv. Doc.", and will refer to the docket of the underlying criminal case as "Cr. Doc."

failing to request a competency evaluation pursuant to 18 U.S.C. § 4241 and failing to introduce evidence of mental illness at critical stages; (2) the trial court erred by ignoring a bona fide doubt as to petitioner's competency in light of his attorney's reservations and concerns about competency; and (3) appellate counsel provided ineffective assistance by failing to raise a claim under Pate v. Robinson, 383 U.S. 375 (1966) on direct appeal. Petitioner's Reply adds a fourth issue: (4) whether his guilty plea was unknowing and involuntary because his attorney promised his sentence would be five years imprisonment.  For the reasons set forth below, the motion is denied.

**I.**

On November 5, 2008, a federal grand jury in Fort Myers, Florida returned a three-count Indictment (Cr. Doc. #1) charging petitioner Marquis Dishon Young (petitioner) with possession with intent to distribute cocaine within 1000 feet of a public elementary school (Count One); using, carrying, and brandishing an Iver Johnson model Champion 16 gauge short-barreled shotgun during and in relation to the drug trafficking crime charged in Count One (Count Two); and possessing the Iver Johnson model Champion 16 gauge short-barreled shotgun with a barrel measuring approximately 12 ¼ inches in length while it was not registered to petitioner in the National Firearms Registration and Transfer Record (Count Three).  The Federal Public Defender's Office was appointed to

represent petitioner (Cr. Doc. #6), and a motion to suppress was filed (Cr. Doc. #25).  After an evidentiary hearing, a magistrate judge issued a Report and Recommendation (Cr. Doc. #33) recommending the motion be denied.  Defense counsel filed Objections (Cr. Doc. #34), which were overruled by the district court (Cr. Doc. #36).

Petitioner entered guilty pleas to all three counts without benefit of a plea agreement (Cr. Docs. #35, 37, 38, 42, 43, 44.) At the beginning of the guilty plea colloquy before the magistrate judge, petitioner was placed under oath (Cr. Doc. #55, p.2) and warned of his obligation to tell the truth (Id. at 3).  Among other things, petitioner told the magistrate judge that he was twenty-three years old, had gone to the tenth grade in school, and could read, write, and understand English.  (Id. at 3-4.) Petitioner also stated that he had not been recently treated for any type of mental illness or addiction to any kind of narcotic drugs.  (Id. at 4.)  Defense counsel interjected that he had had some very serious reservations about petitioner's competency, and therefore had petitioner tested.  (Id. at 4-5.)  The finding was that petitioner was competent.  (Id. at 5.)  Petitioner confirmed that he had spoken with the person who tested his competency about five days before the plea hearing.  (Id.)

Petitioner acknowledged that he understood the importance of the proceeding, and that he was entering a plea.  (Id.)

Petitioner testified that he had read the Indictment himself, and that he did not understand the penalties until his attorney helped him understand. (Id.) Petitioner stated that he reviewed the charges with his attorney, was satisfied with the services and advice and help provided by his attorney, and had no complaints about what his attorney had done or had not done for him. (Id. at 5-6.) Petitioner denied being threatened or promised anything, and testified that he thought it was in his best interest to enter guilty pleas. (Id. at 6.) The government attorney stated that he had no question as to petitioner's competency to enter guilty pleas, and defense counsel stated that he had had his client examined and the determination was that petitioner was competent. (Id. at 6.) The magistrate judge made a factual finding that petitioner was competent to enter pleas of guilty to the charges against him. (Id. at 7.)

During the guilty plea colloquy, petitioner testified that he understood all three charges against him (Id. at 7), and understood the penalties as explained by the magistrate judge after a private conference with his attorney and further discussion of some sentencing issues (Id. at 7-16). Petitioner stated that he understood each of his rights as they were explained by the magistrate judge. (Id. at 16-19.) Petitioner also stated that he understood the things his guilty plea would waive and give up

(Id. at 19-20), and understood each element of all three charges (Id. at 20-21).

The government had filed a Notice of Penalties, Elements, and Facts (Cr. Doc. #38), which petitioner said he had reviewed with his attorney and understood (Cr. Doc. #55, at 21-22). Petitioner set forth facts to support his guilt as to each offense and answered factual questions posed by the magistrate judge. (Id. at 22-26.) Petitioner stated that he still wished to plead guilty, there was nothing else he wanted the court to ask his attorney in regard to entering the guilty pleas, and that he plead guilty to each charge. (Id. at 27.) The magistrate judge found that that petitioner's guilty pleas were "knowingly, voluntarily, and intelligently made and it's not the results of anybody threatening you or promising you anything," and recommended the guilty pleas be accepted. (Id. at 28.)

The guilty pleas were accepted by the district court, and on July 11, 2011, the Court sentenced petitioner to a term of imprisonment of 18 months as to Counts One and Three (which was the result of a downward departure and a variance from the recommended Sentencing Guidelines range), to be served concurrently, and 120 months as to Count Two (the statutory mandatory minimum), to be served consecutively to the terms of imprisonment in Counts One and Three. A term of six years supervised release was imposed as to Count One and three years as

to each of Counts Two and Three, all of which were to be served concurrently. (Cr. Doc. #47.) Judgment (Cr. Doc. #49) was filed on July 12, 2011.

Petitioner filed a timely Notice of Appeal. (Cr. Doc. #50.) On appeal petitioner asserted that his sentence was substantively unreasonable because the district court failed to take into account his long-term mental health issues and impermissibly double counted certain sentencing enhancements. Both issues were rejected on appeal. United States v. Young, 469 F. App'x 769 (11th Cir. 2012).

## II.

Petitioner is not entitled to an evidentiary hearing. A district court shall hold an evidentiary hearing on a habeas petition "unless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief . . . ." 28 U.S.C. § 2255(b). "[I]f the petitioner alleges facts that, if true, would entitle him to relief, then the district court should order an evidentiary hearing and rule on the merits of his claim." Aron v. United States, 291 F.3d 708, 714-15 (11th Cir. 2002) (internal quotation marks and citation omitted). However, a "district court is not required to hold an evidentiary hearing where the petitioner's allegations are affirmatively contradicted by the record, or the claims are patently frivolous." Id. at 715. See also Gordon v. United States, 518 F.3d 1291, 1301 (11th Cir.

2008). Here, even when the facts are viewed in the light most favorable to petitioner, the record establishes that petitioner received effective assistance of counsel in this case, there was no trial court error in connection with the competency issue, and petitioner's guilty pleas were knowing, voluntary, and intelligent. Therefore, the Court finds that an evidentiary hearing is not warranted in this case.

### III.

As noted above, three of the four issues raised by petitioner relate to his competency. Petitioner alleges that trial counsel provided constitutionally ineffective assistance by failing to request a competency evaluation pursuant to 18 U.S.C. § 4241 and failed to introduce evidence of mental illness at critical stages (the change of plea and sentencing); the trial court erred by ignoring a bona fide doubt as to petitioner's competency; and his appellate counsel provided ineffective assistance by failing to raise a claim under Pate v. Robinson, 383 U.S. 375 (1966), on direct appeal. Petitioner also asserts that his attorney promised him a five year sentence, which rendered his guilty pleas invalid. The Court will set forth the general legal principles and then apply them to the facts of the case.

**(1) Ineffective Assistance of Counsel**

The legal standard for ineffective assistance of counsel claims in a habeas proceeding is well established. To prevail on

a claim of ineffective assistance of counsel, a habeas petitioner must demonstrate both that (1) counsel's performance was deficient because it fell below an objective standard of reasonableness, and (2) prejudice resulted because there is a reasonable probability that, but for the deficient performance, the result of the proceeding would have been different. Hinton v. Alabama, ___ U.S. ___, 134 S. Ct. 1081, 1087-88 (2014) (citing Strickland v. Washington, 466 U.S. 668, 687, 694 (1984) and Padilla v. Kentucky, 559 U.S. 356, 366 (2010)).

The proper measure of attorney performance is simply reasonableness under prevailing professional norms considering all the circumstances. Hinton, 134 S. Ct. at 1088 (citations omitted). A court must "judge the reasonableness of counsel's challenged conduct on the facts of the particular case, viewed as of the time of counsel's conduct . . . ." Roe v. Flores-Ortega, 528 U.S. 470, 477 (2000) (quoting Strickland, 466 U.S. at 690) (internal quotation marks omitted). This judicial scrutiny is highly deferential, and the Court adheres to a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance. Strickland, 466 U.S. at 689-90. To be objectively unreasonable, the performance must be such that no competent counsel would have taken the action. Rose v. McNeil, 634 F.3d 1224, 1241 (11th Cir. 2011); Hall v. Thomas, 611 F.3d 1259, 1290 (11th Cir. 2010). Additionally, an attorney is not

ineffective for failing to raise or preserve a meritless issue. United States v. Winfield, 960 F.2d 970, 974 (11th Cir. 1992); Ladd v. Jones, 864 F.2d 108, 109-10 (11th Cir. 1989).

To establish prejudice under Strickland, petitioner must show more than that the error had "some conceivable effect on the outcome of the proceeding." Marquard v. Sec'y for the Dep't of Corr., 429 F.3d 1278, 1305 (11th Cir. 2005) (quotation marks omitted). Rather, the petitioner must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. Hinton, 134 S. Ct. at 1087-88. "A reasonable probability is a probability sufficient to undermine confidence in the outcome." Hinton, 134 S. Ct. at 1089 (quoting Strickland, 466 U.S. at 694) (internal quotation marks and citations omitted).

The same deficient performance and prejudice standards apply to appellate counsel. Smith v. Robbins, 528 U.S. 259, 285-86 (2000); Roe v. Flores-Ortega, 528 U.S. at 476-77. If the Court finds there has been deficient performance, it must examine the merits of the claim omitted on appeal. If the omitted claim would have had a reasonable probability of success on appeal, then the deficient performance resulted in prejudice. Joiner v. United States, 103 F.3d 961, 963 (11th Cir. 1997). Non-meritorious claims which are not raised on direct appeal do not constitute ineffective assistance of counsel. Diaz v. Sec'y for the Dep't

of Corr., 402 F.3d 1136, 1144-45 (11th Cir. 2005).

### (2) Competency To Plead Guilty and be Sentenced

The Due Process Clause of the Fifth Amendment prohibits the government from trying or sentencing a defendant who is legally incompetent. Pate v. Robinson, 383 U.S. 375, 378 (1966); Cooper v. Oklahoma, 517 U.S. 348, 354 (1996); United States v. Rahim, 431 F.3d 753, 759 (11th Cir. 2005). Competency issues can involve either substantive competency claims or procedural competency claims, or both. Battle v. United States, 419 F.3d 1292, 1298 (11th Cir. 2005). A petitioner who asserts a substantive claim that he was not competent to proceed at the trial level raises what is referred to as a Dusky claim (after Dusky v. United States, 362 U.S. 402 (1960)), while a claim that the trial court committed error by not ordering a competency hearing is often referred to as a Pate claim. Lawrence v. Secretary, Florida Dept. of Corr., 700 F.3d 464, 481 n.5 (11th Cir. 2012). Petitioner seems to raise both types of competency claims in his petition.

To be competent to stand trial or plead guilty, a defendant must have sufficient present ability to consult with his lawyer with a reasonable degree of rational understanding and have a rational as well as factual understanding of the proceedings against him. Dusky, 362 U.S. at 402; Godinez v. Moran, 509 U.S. 389, 396 (1993); Rahim, 431 F.3d at 759. To show entitlement to a hearing on a substantive incompetency claim, petitioner must

show clear and convincing evidence creating a real, substantial and legitimate doubt about his competence to plead guilty. Lawrence, 700 F.3d at 481 (citations omitted); Battle, 419 F.3d at 1298-99.  This standard of proof is high, and the facts must positively, unequivocally, and clearly generate the legitimate doubt.  Battle, 419 F.3d at 1299.  In advancing a substantive competency claim, a petitioner "is entitled to no presumption of incompetency and must demonstrate his ... incompetency by a preponderance of the evidence." James v. Singletary, 957 F.2d 1562, 1571 (11th Cir. 1992); Battle, 419 F.3d at 1298.

As a procedural matter, a court has a due process obligation to conduct a competency hearing, even if not requested to do so, if there is reasonable cause to believe a defendant may presently be suffering from a mental disease or defect rendering him mentally incompetent to the extent that he is unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense. Pate, 383 U.S. at 385; 18 U.S.C. § 4241. Thus, a trial judge must conduct a *sua sponte* competency hearing if there is evidence which raises a "bona fide doubt" regarding the defendant's competence to stand trial.  Pardo v. Secretary, Florida Dept. of Corrections, 587 F.3d 1093, 1099-1100 (11th Cir. 2009); Rahim, 431 F.3d at 759.  Relevant information bearing on the court's obligation to conduct a competency hearing includes evidence of defendant's irrational behavior, defendant's demeanor

at trial or in hearings, and prior medical opinion regarding defendant's competence. Tiller v. Esposito, 911 F.2d 575, 576 (11th Cir. 1990). The failure of a defendant or his counsel to raise the competency issue is "persuasive evidence that no Pate violation occurred." Reese v. Wainwright, 600 F.2d 1085, 1092 (5th Cir. 1979).1

**(3)  Guilty Plea Principles**

"A guilty plea is more than a confession which admits that the accused did various acts. It is an admission that he committed the crime charged against him. By entering a plea of guilty, the accused is not simply stating that he did the discrete acts described in the indictment; he is admitting guilt of a substantive crime." United States v. Broce, 488 U.S. 563, 570 (1989) (internal quotation marks and citations omitted). For this reason, the United States Constitution requires that a guilty plea must be voluntary and defendant must make the related waivers knowingly, intelligently and with sufficient awareness of the relevant circumstances and likely consequences. United States v. Ruiz, 536 U.S. 622, 629 (2002); Hill v. Lockhart, 474 U.S. 52, 56 (1985); Henderson v. Morgan, 426 U.S. 637, 645 (1976).

To be voluntary and knowing, (1) the guilty plea must be free from coercion; (2) the defendant must understand the nature of the

---

1 Bonner v. City of Prichard, 661 F.2d 1206, 1209 (11th Cir.1981) (en banc), adopted as binding precedent all decisions of the former Fifth Circuit handed down before October 1, 1981.

charges; and (3) the defendant must know and understand the consequences of his guilty plea. United States v. Mosley, 173 F.3d 1318, 1322 (11th Cir. 1999). Rule 11 explicitly directs the district judge not to accept a plea without determining these "core concerns."  Therefore, on review, the court is "warranted in regarding the court's acceptance of the plea as a positive finding on each [component of the Rule]." United States v. Buckles, 843 F.2d 469, 473 (11th Cir. 1988).  A petitioner "will rarely, if ever, be able to obtain relief for Rule 11 violations under § 2255," and such relief is available "only in the most egregious cases."  United States v. Dominguez Benitez, 542 U.S. 74, 83 n.9 (2004).

    **(4)   Application of Principles to Issues**

Petitioner asserts that his attorney provided ineffective assistance of counsel by failing to request a competency evaluation and hearing pursuant to 18 U.S.C. § 4241.  The record reflects otherwise.  Defense counsel had petitioner evaluated for competency, and advised the magistrate judge of that evaluation and its outcome in petitioner's presence.  Petitioner confirmed the evaluation, and proceeded with the guilty plea colloquy in which he amply demonstrated his competence through his answers and his questions to various matters which he initially did not understand.  A competent attorney was required to do no more under the circumstances.  Petitioner has failed to demonstrate either

that his attorney provided deficient performance or that he was prejudiced by the lack of a competency evaluation and hearing under 18 U.S.C. § 4241.

Petitioner asserts that the trial court erred in failing to *sua sponte* order a competency evaluation and hearing pursuant to 18 U.S.C. § 4241. Again, the record reflects otherwise. The Court was told that petitioner had been evaluated at the request of his attorney and had been found competent. The plea colloquy confirmed that petitioner was competent to proceed. Nothing at the sentencing hearing suggested otherwise. There was no basis which would have required the trial court to order an evaluation and hearing under § 4241.

Petitioner asserts that his appellate attorney provided ineffective assistance of counsel by failing to raise a <u>Pate</u> claim on direct appeal. A competent appellate attorney reviewing the record in this case would not be obligated to raise a <u>Pate</u> issue in order to provide effective assistance of counsel. As discussed above, the record demonstrates neither trial court error nor trial counsel error in connection with petitioner's competency.

Finally, petitioner asserts that his guilty pleas were invalid because his attorney promised that he would receive a five year sentence of imprisonment. The record affirmatively contradicts this claim. At the plea colloquy petitioner stated that he initially did not understand the penalties set forth in

the Indictment, but his attorney helped him understand the possible penalties. (Cr. Doc. #55, p.5.) The magistrate judge than explained the statutory penalties, including a mandatory minimum term of ten years imprisonment on Count 2. (Id. at 7-8.) Petitioner never stated his attorney had told him the sentence would be five years imprisonment. The statutory penalties, including the mandatory ten years for Count 2, were set forth in the Presentence Report, which petitioner told the sentencing court he had read. (Doc. #58, p. 3.) The Court stated the sentencing ranges under the Sentencing Guidelines, which again included a ten year mandatory minimum for Count 2 (Id. at 6) to which neither petitioner nor his attorney took exception. Defense counsel discussed at some length the ten year consecutive mandatory minimum, never suggesting that a five year sentence was legally permissible (Id. at 19-23) and without contradiction from petitioner (Id. at 23-24).

Accordingly, it is hereby

**ORDERED AND ADJUDGED:**

1. Petitioner's Motion Under 28 U.S.C. Section 2255 to Vacate, Set Aside or Correct Sentence by a Person in Federal Custody (Cv. Doc. #1; Cr. Doc. #67) is **DENIED**.

2. The Clerk of the Court shall enter judgment accordingly and close the civil file. The Clerk is further directed to place a copy of the civil Judgment in the criminal file.

**IT IS FURTHER ORDERED:**

**A CERTIFICATE OF APPEALABILITY (COA) AND LEAVE TO APPEAL *IN FORMA PAUPERIS* ARE DENIED.** A prisoner seeking a writ of habeas corpus has no absolute entitlement to appeal a district court's denial of his petition. 28 U.S.C. § 2253(c)(1); Harbison v. Bell, 556 U.S. 180, 183 (2009). "A [COA] may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To make such a showing, Petitioner "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," Tennard v. Dretke, 542 U.S. 274, 282 (2004), or that "the issues presented were adequate to deserve encouragement to proceed further," Miller-El v. Cockrell, 537 U.S. 322, 336 (2003)(citations and internal quotation marks omitted). Petitioner has not made the requisite showing in these circumstances.

Finally, because Petitioner is not entitled to a certificate of appealability, he is not entitled to appeal *in forma pauperis*.

**DONE and ORDERED** at Fort Myers, Florida, this   5th   day of May, 2015.

*[signature: John E. Steele]*
JOHN E. STEELE
UNITED STATES DISTRICT JUDGE

Copies:
Counsel of Record
Petitioner